IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONALASSOCIATION, AS TRUSTEE UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF JULY 1, 2005 STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGES PASS-THROUGH CERTIFICATES, SERIES 2005-HE1, <br><br>    Plaintiff, <br><br>v. <br><br>ARTURO A. MONDRAGON and CELIA MONDRAGON, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. **3:18-cv-3126-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff U.S. Bank National Association, as Trustee Under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgages Pass-Through Certificates, Series 2005-HE1's ("Plaintiff" or "U.S. Bank") Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon ("Motion") (Doc. 13), filed January 8, 2020. After careful consideration of the Motion, record, and applicable law, the court **denies without prejudice** Plaintiff's Motion for Default Judgment (Doc. 13).

**I.     Background**

On November 27, 2018, Plaintiff filed its Original Complaint ("Complaint") (Doc. 1) in this action against Defendants Arturo A. Mondragon and Celia Mondragon ("Defendants" or the

"Mondragons"), seeking a judgment and foreclosure pursuant to the Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff's request for foreclosure arises out of a Note executed on December 3, 2004, between Defendants and Olympus Mortgage Company ("Olympus") in the principal amount of $104,400 ("Note"), which is attached to real property located at 1403 Heather Run Drive, Duncanville, Texas, 75137, and is legally described as follows:

> LOT 13, BLOCK C OF WILLOW RUN, PHASE 1, AN ADDITION TO THE CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN VOLUME 82009, PAGE 94, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS (the "Property").

Pl.'s Original Compl. ¶ 4. In conjunction with the Note, the Mondragons executed a Deed of Trust ("Deed"), and together with the Note ("Loan Agreement"), granting Olympus, its successors, and assigns, a security interest in the Property. The Deed was recorded in the Dallas County, Texas property records on December 14, 2004, under instrument number 20043171767. Plaintiff asserts that it is the current holder of the Note and beneficiary of the Deed.

According to U.S. Bank, Defendants failed to make payments under the Loan Agreement and currently owe for the June 1, 2017 payment and all subsequent monthly payments. Plaintiff contends that it provided Defendants notices of default and requests to cure via mail in accordance with the Loan Agreement and the Texas Property Code. Pl.'s Original Compl. ¶ 14. At the date of this opinion, Defendants have not cured the default, and, accordingly, Plaintiff seeks to foreclose on the Property.

II.   **Legal Standard – Motion for Default Judgment**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v.*

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against the Mondragons, and U.S. Bank now requests that the court enter a final default judgment against them.

Defendants were served on December 22, 2018. Accordingly, Defendants were required to answer or otherwise respond on or before January 14, 2019.[*] Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have not responded to or otherwise defended against the Complaint. By failing to answer or otherwise respond to the Complaint, Defendants have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a

---

[*] Defendants were served on December 22, 2018, and, thus, their time to answer or otherwise respond was January 12, 2019, which was a Saturday. Accordingly, Defendants' answer or response was due on the following Monday, January 14, 2019. Fed. R. Civ. P. 6(a)(1)(C).

**Memorandum Opinion and Order – Page 3**

default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

### III.   Analysis

Plaintiff seeks to foreclose on the Property because of Defendants' default and failure to cure. Home equity loans in Texas must be foreclosed judicially. *See* TEX. CONST., art. XVI, § 50(a)(6)(D); Tex. R. Civ. P. 735.1. Accordingly, Plaintiff requests a judgment against Defendants authorizing it to enforce the power-of-sale provision in the Loan Agreement pursuant to Texas Property Code Ann. § 51.002 and the Loan Agreement, or alternatively through judicial foreclosure. Texas Rule of Civil Procedure 736 sets forth the elements required for initiating a foreclosure proceeding. To initiate such a proceeding, Plaintiff must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [Defendants are] in default under the note and security instrument; and (4) [Defendants] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Based on the record, Plaintiff has presented evidence establishing that a debt secured by the Property exists; that Defendants are obligated to pay the debt secured by the Property; and that Defendants defaulted under the Loan Agreement. Plaintiff, however, has failed to properly allege or set forth sufficient facts that it has the authority to foreclose on the Property and that service of notice was complete pursuant to Section 51.002(e) of the Texas Property Code. Plaintiff contends that it "is the current holder of the Note and beneficiary of the Deed of Trust" as defined by Texas Property Code § 51.0001(4). Pl.'s Original Compl. ¶ 13. Under Texas law, a "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *SGK Prop., LLC. v. U.S. Bank Nat'l Assoc.*, 881

F.3d 933, 941 (5th Cir. 2018) (quoting Tex. Bus. & Comm. Code § 1.201(b)(21)(A)) (internal quotations omitted). "A person can become a holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Id.* (internal quotation marks and citations omitted). Aside from Plaintiff's conclusory statements that it falls into both categories, it provides no specific allegations in support of this assertion. Thus, the court is unable to ascertain under what authority Plaintiff is entitled to foreclose on the property.

U.S. Bank also states that it provided notice of default via mail to the Mondragons pursuant to the Texas Property Code. Pl.'s Original Compl. ¶ 14. Plaintiff asserts that it sent Notice of Acceleration to the Defendants via mail. *Id*. Plaintiff, however, has failed to provide specific allegations or facts in support of these assertions. Under Section 51.002(e) of the Texas Property Code, "[s]ervice of notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Additionally, an affidavit from "a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code Ann. § 51.002(e). Plaintiff provides no evidence, through affidavit or otherwise, that service was actually completed through any of these required methods. Thus, the court concludes that Plaintiff has failed to demonstrate it is entitled to foreclosure on default judgment. The court, therefore, will deny without prejudice Plaintiff's Motion for Default Judgment.

## IV.  Conclusion

For these reasons, the court concludes that U.S. Bank has failed to specifically allege it has the requisite authority to foreclose on the property or that service was completed through any of the required methods. The court, therefore, determines that Plaintiff has not met the elements of

judicial foreclosure and is not entitled to a default judgment. Accordingly, Plaintiff's Motion for Default Judgment (Doc. 13) is **denied without prejudice**.

In filing future motions for default judgment in foreclosure cases, the court advises Plaintiff's Counsel to review the standard for initiating foreclosure proceedings including the requirements for sufficient pleading pursuant to the Texas Property Code.  Default judgments in foreclosure actions are not granted as a matter of course.  Instead, Plaintiff must specifically allege facts or provide supporting documentation demonstrating it has met all elements of judicial foreclosure.  Plaintiff may file an amended motion for default judgment addressing the deficiencies noted in this opinion.

**It is so ordered** this 1st day of July, 2020.

Sam A. Lindsay
United States District Judge