IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** §<br>*as Trustee Under Securitization Servicing* §<br>*Agreement Dated as of July 1, 2005* §<br>*Structured Asset Securities Corporation,* §<br>*Structured Asset Investment Loan Trust* §<br>*Mortgages Pass-Through Certificates,* §<br>*Series 2005-He1*, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>**ARTURO A. MONDRAGON and** §<br>**CELIA MONDGRAGON,** §<br>§<br>Defendants. § | Civil Action No. **3:18-CV-3126-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff U.S. Bank National Association, as Trustee Under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgages Pass-Through Certificates, Series 2005-HE1's ("Plaintiff" or "U.S. Bank") Second Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon (Doc. 17) ("Motion"), filed on July 31, 2020. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Second Motion for Default Judgment (Doc. 17); **grants** Plaintiff's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code applicable to judicial foreclosure.

I.      **Factual and Procedural Background**

On November 27, 2018, Plaintiff filed its Original Complaint ("Complaint") (Doc. 1) in this action against Defendants Arturo A. Mondragon and Celia Mondragon (collectively,

**Memorandum Opinion and Order – Page 1**

"Defendants" or the "Mondragons"), seeking a judgment and foreclosure pursuant to the Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff's request for foreclosure arises out of a Note executed on December 3, 2004, between Defendants and Olympus Mortgage Company ("Olympus") in the principal amount of $104,400 (the "Note"), which is attached to real property located at 1403 Heather Run Drive, Duncanville, Texas, 75137, and is legally described as follows:

> LOT 13, BLOCK C OF WILLOW RUN, PHASE 1, AN ADDITION TO THE CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN VOLUME 82009, PAGE 94, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS (the "Property").

Pl.'s Original Compl. ¶ 4. In conjunction with the Note, the Mondragons executed a Deed of Trust (the "Deed")[1] (together, the "Loan Agreement"), granting Olympus, its successors, and assigns, a security interest in the Property. *Id.* ¶ 12. The Deed was recorded in the Dallas County, Texas, property records on December 14, 2004, under instrument number 20043171767. *Id.* Plaintiff asserts that it is the current holder of the Note and beneficiary of the Deed. *Id.* ¶ 13.

According to U.S. Bank, Defendants failed to make payments under the Loan Agreement and currently owe for the June 1, 2017, payment and all subsequent monthly payments. *Id.* ¶ 14. Plaintiff contends that it provided Defendants notices of default and requests to cure via mail in accordance with the Loan Agreement and the Texas Property Code. *Id.* Plaintiff filed its first Motion for Default Judgment Against Defendants (Doc. 13) on January 8, 2020.[2] In its Memorandum Opinion and Order (Doc. 15), entered July 1, 2020, the court denied without

---

[1] In its Complaint and Motion, Plaintiff also refers to the Deed as the "Security Instrument." *See* Pl.'s Compl. ¶ 12; Pl.'s Mot. 2. The court uses quotes from these filings throughout this opinion that include such terminology.

[2] The clerk of court entered default against Defendants on January 9, 2020. Clerk's Entry of Default (Doc. 14).

**Memorandum Opinion and Order – Page 2**

prejudice Plaintiff's first motion for default judgment as it determined that motion contained deficiencies that prohibited judicial foreclosure and supported a finding that Plaintiff was not entitled to a default judgment. Doc. 15, 5-6. The court gave U.S. Bank an opportunity to file an amended motion for default judgment to address the deficiencies noted in its previous Memorandum Opinion and Order (Doc. 15). Plaintiff files this Second Motion for Default Judgment in compliance with that opinion.[3] As of the date of this opinion, Defendants still have not cured the default, and, accordingly, Plaintiff seeks to foreclose on the Property.

## II.      Legal Standard – Motion for Default Judgment

A party is entitled to entry of a default by the clerk of court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against the Mondragons, and U.S. Bank now requests that the court enter a final default judgment against them.

Defendants were served on December 22, 2018. Accordingly, Defendants were required to answer or otherwise respond on or before January 14, 2019.[4] Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have not responded to or otherwise defended against the Complaint. By failing to answer or otherwise respond to the Complaint, Defendants have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal.

---

[3] In its Order (Doc. 19), entered August 28, 2020, the court abated this case for 90 days. During this abatement period, U.S. Bank and the Mondragons unsuccessfully attempted to finalize a loan modification in settlement of this matter. *See* Plaintiff's Motion to Reinstate (Doc. 21) 2, ¶ 4.

[4] As the court noted in its previous opinion, Defendants were served on December 22, 2018, and, thus, their time to answer or otherwise respond was *Saturday*, January 12, 2019. Accordingly, Defendants' answer or response was due on the following Monday, January 14, 2019. Fed. R. Civ. P. 6(a)(1)(C).

*See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

### III.    Discussion

#### A.    Judicial Foreclosure

U.S. Bank seeks a judgment from the court to allow it to foreclose on the Property because of the Mondragon's default and failure to cure such default. Home equity loans in Texas must be foreclosed judicially. *See* TEX. CONST., art. XVI, § 50(a)(6)(D); Tex. R. Civ. P. 735.1. Accordingly, Plaintiff requests a judgment against Defendants authorizing it to enforce the power-of-sale provision in the Loan Agreement, pursuant to Texas Property Code Ann. § 51.002 and the Loan Agreement, or alternatively through judicial foreclosure. Texas Rule of Civil Procedure 736 sets forth the elements required for initiating a foreclosure proceeding. To initiate such a

**Memorandum Opinion and Order – Page 4**

proceeding, Plaintiff must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [Defendants are] in default under the note and security instrument; and (4) [Defendants] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

As the court determined in its previous Memorandum Opinion and Order, Doc. 15, based on the record, Plaintiff has presented sufficient evidence to establish the first three elements required to initiate a foreclosure proceeding. Specifically, Plaintiff has presented evidence to establish that (1) a debt secured by the Property exists; (2) this debt, for which Defendants are obligated to pay, is secured by the Property; and (3) Defendants are in default under the Loan Agreement. Plaintiff's pleadings do not, however, set forth sufficient facts or evidence as to the fourth element requiring it to establish that the Mondragons received notice of default and acceleration. In its Complaint, U.S. Bank states that "[n]otices of default and requests to cure were mailed to the Mondragons in accordance with the Loan Agreement and the Texas Property Code," Pl.'s Compl. ¶ 14, but it fails to include specific allegations or facts to support this assertion.

Section 51.002(e) of the Texas Property Code provides:

> Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

With its Motion, Plaintiff includes the Declaration of Juliana Thurab ("Ms. Thurab"), a Contract Management Coordinator at PHH Mortgage Corporation, U.S. Bank's servicer. Pl.'s Mot., Ex. A. In pertinent part, Ms. Thurab's Declaration states that (1) this declaration is based on her "personal knowledge of the facts contained [t]herein;" (2) "[a] Notice of Default ("Notice of Default") was served on [Defendants] at their last known address by certified mail on or about July 5, 2017;" and

(3) "[o]n November 3, 2017, Mackie Wolf Zientz, & Mann, P.C. . . ., attorneys for service at the time, Ocwen Loan Servicing, LLC, sent [Defendants] a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") via certified mail at their last known address."[5] *Id.* ¶¶ 2, 6-7 (emphasis in original).  Pursuant to section 51.002(e) of the Texas Property Code, this declaration serves as prima facie evidence of service.  Stated differently, Ms. Thurab's Declaration is sufficient evidence that Defendants received notice of default and acceleration, the fourth and final element required for initiating a foreclosure proceeding.  Plaintiff, therefore, has adequately set forth the elements required for initiating a foreclosure proceeding on the Property under Texas Rule of Civil Procedure 736.  Plaintiff, however, must still properly allege or set forth sufficient facts to demonstrate that it has the authority to foreclose on the Property.[6]

U.S. Bank contends that it "is the current holder and owner of the Note and beneficiary of the Security Instrument," and "[a]s the current mortgagee of record [] has the right to enforce the Note and Security Instrument."  Pl.'s Original Compl. ¶¶ 13, 17.  A "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 941 (5th Cir. 2018) (citing Tex. Bus. & Com. Code § 1.201(b)(21)(A)).  "In other words, a person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation."  *Id.* (internal quotation marks and citations omitted).  Under Texas law, a "mortgagee" is defined as "(A) the grantee, beneficiary, owner, or holder of a security

---

[5] Ms. Thurab also includes copies of the Notice of Default and Notice of Acceleration that were sent to the Mondragons as exhibits to her Declaration.  *See* Pl.'s Mot., Ex. A-3; Ex. A-4.

[6] The court previously determined that Plaintiff's pleadings and first motion for default judgment against Defendants failed to properly allege or set forth sufficient facts demonstrating such authority. Memorandum Opinion and Order (Doc. 15) 4-5.

instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4).  In her Declaration, Ms. Thurab states that "[t]he Note is currently endorsed in blank" and "Plaintiff has physical possession of the Note."  Pl.'s Mot., Ex. A ¶ 4.  This is sufficient evidence that U.S. Bank is the holder of the Note by possession thereof and, therefore, the mortgagee of record.  As such, Plaintiff has adequately demonstrated that it has the authority and is entitled to foreclose on the Property.

Accordingly, Plaintiff may proceed with the judicial foreclosure of the Property located at 1403 Heather Run Drive, Duncanville, Texas, 75137, which is legally described as LOT 13, BLOCK C OF WILLOW RUN, PHASE 1, AN ADDITION TO THE CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN VOLUME 82009, PAGE 94, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS.  The foreclosure **shall** proceed in accordance with the Note, Deed of Trust, and Texas Property Code applicable to judicial foreclosures.  Plaintiff **shall** provide to Defendants by certified mail a copy of this order, the corresponding judgment, and notice of the foreclosure sale.  Any notices regarding the foreclosure of the Property to Defendants shall be mailed to them at 1403 Heather Run Drive, Duncanville, Texas, 75137.  Plaintiff may communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale.

      **B.**      **Attorney's Fees and Costs**

The court will consider any request for attorney's fees postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2).  In making any request for attorney's fees, Plaintiff must set forth the bases (factually and legally) for its entitlement to such legal fees.  This includes the authority on which Plaintiff relies as well as evidentiary bases for its entitlement to such fees.

## IV. Conclusion

For the reasons explained, the court **grants** Plaintiff's Second Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon (Doc. 17) to the extent herein stated; **grants** Plaintiff's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code applicable to judicial foreclosure. In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document. The court will consider the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 8th day of December, 2021.

_____
Sam A. Lindsay
United States District Judge