IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF JULY 1, 2005 STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGES PASS-THROUGH CERTIFICATES, SERIES 2005-HE1, <br><br>  Plaintiff, <br><br> v. <br><br> ARTURO A. MONDRAGON and CELIA MONDRAGON, <br><br>  Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:18-cv-3126-L |

**PLAINTIFF'S THIRD MOTION TO ABATE ACTION**

Plaintiff U.S. Bank National Association, as Trustee under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgages Pass-Through Certificates, Series 2005-HE1 ("Plaintiff" or "U.S. Bank") files this its *Third Motion to Abate Action*, and respectfully shows as follows:

**I.**

1. Plaintiff filed its *Original Complaint* on November 27, 2018 (the "Complaint") alleging that Defendants Arturo A. Mondragon and Celia Mondragon (the "Defendants"), are in default of their obligations under the terms of a loan agreement and seeking authorization to foreclose upon the real property commonly known as 1403 Heather Run Drive, Texas 75137. (ECF Docket No. 1).

2. On January 8, 2020, Plaintiff filed its *Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon* and its *Request for Entry of Default* as to Defendants because Defendants did not file a responsive pleading within 21 days after service of the Complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (ECF Document Nos. 12-13).

3. On July 1, 2020, the Court entered its *Memorandum Opinion and Order*, in which the Court required Plaintiff to prove it has authority to foreclose and that it sent the Notice of Default and Notice of Acceleration to Defendants. (ECF Document No. 15).

4. On July 31, 2021, Plaintiff filed its *Second Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon.* (ECF Document No. 17.)

5. On December 8, 2021, the Court entered its Memorandum Opinion and Order granting Plaintiff's Second Motion for Default Judgment and allowing Plaintiff to proceed with foreclosure of the subject property pursuant to the Deed of Trust. (ECF Document No. 24.) On the same day, the Court entered its Final Default Judgment allowing foreclosure. (ECF Document No. 25.)

6. On December 16, 2021, Plaintiff filed a Motion to Vacate Default Judgment Against Defendants and advised the Court that at the time that the Default Judgment was entered the subject loan was placed on hold due to active loss mitigation. Plaintiff requested the Court to vacate the Default Judgment since Plaintiff had a legal duty to take the reasonable steps to avoid foreclosure. (ECF Document No. 26.)

7. On December 21, 2021, the Court entered an Order and vacated the Memorandum and Opinion Order (Doc. 24) and the Default Judgment (Doc. 25). (ECF Document No. 27.) On February 17, 2022, Plaintiff filed its Motion to Reinstate the Case and advised the Court that Defendants failed to comply with the trial plan payments and that the loss mitigation application

was formally denied on February 10, 2022. (ECF Document No. 28.) On February 25, 2022, the Court entered an Order reinstating the case. (ECF Document No. 29.)

8.  After the reopening of the case, Defendants still failed to file an answer and/or otherwise appear to defend themselves from the allegations in the Complaint. Accordingly, on March 9, 2022, Plaintiff filed its Third Motion for Default Judgment. (ECF Document No. 30.) The Court is still pending to rule on such motion.

9.  However, the undersigned has been recently informed that on March 9, 2022, Defendant Arturo A. Mondragon was approved for trial plan payment starting with a first payment due on April 1, 2022. The last payment under the trial period would be due on June 1, 2022. As a result, Plaintiff is prohibited from moving forward with judgment in this action, under current CFPB regulations. *See* 12 CFR §1024.41(g).

10. Plaintiff therefore respectfully requests that this suit and all upcoming deadlines, settings and rulings be abated for a period of, at least, ninety (90) days to allow sufficient time for Plaintiff to allow Defendants to comply with the requirements of a Trial Period Plan (if the offer is accepted). In the event Defendants default and the Trial Period Plan is not completed, Plaintiff shall immediately reinstate the case in order for the Court to rule on the pending Third Motion for Default Judgment which would dispose the entire case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court abate this action and all upcoming settings, deadlines and rulings for at least, ninety (90) days and for such other relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Attorney-in-Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
PR State Bar PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2685 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have been unable to conference with the Defendants in this matter, as they have failed to appear in this case.

*/s/ Vivian N. Lopez*
**VIVIAN N. LOPEZ**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 16, 2022, a true and correct copy of the foregoing document was delivered to the following in the manner indicated:

**Via Regular U.S. Mail**
Arturo A. Mondragon
1403 Heather Run Drive
Duncanville, Texas 75137

**Via Regular U.S. Mail**
Celia Mondragon
1403 Heather Run Drive
Duncanville, Texas 75137

*/s/ Vivian N. Lopez*
**VIVIAN N. LOPEZ**