IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** *as Trustee Under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgages Pass-Through Certificates, Series 2005-He1*, <br><br> Plaintiff, <br><br> v. <br><br> **ARTURO A. MONDRAGON and CELIA MONDGRAGON,** <br><br> Defendants. | Civil Action No. **3:18-CV-3126-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff U.S. Bank National Association, as Trustee Under Securitization Servicing Agreement Dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgages Pass-Through Certificates, Series 2005-HE1's ("Plaintiff" or "U.S. Bank") Fourth Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon (Doc. 35) ("Motion"), filed on October 5, 2022. The court previously granted Plaintiff's Second Motion for Default Judgment on December 8, 2021 and entered a judgment of default against Defendants. Docs. 24, 25.

After the court entered default judgment, Plaintiff moved to vacate the order because the subject loan was placed on hold due to active loss mitigation as Defendants had been approved for a new trial payment plan. Doc. 26. The court granted Plaintiff's request, and vacated its memorandum opinion and order, as well as its judgment for default, and administratively closed

**Memorandum Opinion and Order – Page 1**

the case while the parties worked toward resolution. Doc. 27. Plaintiff then filed a series of motions to abate and reopen the case before filing the Motion, its fourth motion for default judgment.

After careful consideration, the court determines that the substance of Plaintiff's Motion, as well the record and applicable law have not changed since the court's first order of default judgment. Accordingly, the court **grants** Plaintiff's Motion; **grants** Plaintiff's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code applicable to judicial foreclosure.

I.   **Factual and Procedural Background**

On November 27, 2018, Plaintiff filed its Original Complaint ("Complaint") (Doc. 1) in this action against Defendants Arturo A. Mondragon and Celia Mondragon (collectively, "Defendants" or the "Mondragons"), seeking a judgment and foreclosure pursuant to the Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff's request for foreclosure arises out of a Note executed on December 3, 2004, between Defendants and Olympus Mortgage Company ("Olympus") in the principal amount of $104,400 (the "Note"), which is attached to real property located at 1403 Heather Run Drive, Duncanville, Texas, 75137, and is legally described as follows:

> LOT 13, BLOCK C OF WILLOW RUN, PHASE 1, AN ADDITION TO THE CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN VOLUME 82009, PAGE 94, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS (the "Property").

Doc. 1, Pl.'s Original Compl. ¶ 4. In conjunction with the Note, the Mondragons executed a Deed of Trust (the "Deed")[1] (together, the "Loan Agreement"), granting Olympus, its successors, and assigns, a security interest in the Property. *Id.* ¶ 12. The Deed was recorded in the Dallas County,

---

[1] In its Complaint and Motion, Plaintiff also refers to the Deed as the "Security Instrument." *See* Pl.'s Compl. ¶ 12; Pl.'s Mot. 2. The court uses quotes from these filings throughout this opinion that include such terminology.

Texas, property records on December 14, 2004, under instrument number 20043171767. *Id.* Plaintiff asserts that it is the current holder of the Note and beneficiary of the Deed. *Id.* ¶ 13.

According to U.S. Bank, Defendants failed to make payments under the Loan Agreement and currently owe for the June 1, 2017, payment and all subsequent monthly payments. *Id.* ¶ 14. Plaintiff contends that it provided Defendants notices of default and requests to cure via mail in accordance with the Loan Agreement and the Texas Property Code. *Id.* Plaintiff filed its first Motion for Default Judgment Against Defendants (Doc. 13) on January 8, 2020, and the clerk of court entered default against Defendants on January 9, 2020 (Doc. 14).

In its Memorandum Opinion and Order (Doc. 15), entered July 1, 2020, the court denied without prejudice Plaintiff's first motion for default judgment, as it determined that motion contained deficiencies that prohibited judicial foreclosure and supported a finding that Plaintiff was not entitled to a default judgment. Doc. 15, 5-6. The court gave U.S. Bank an opportunity to file an amended motion for default judgment to address the deficiencies noted in its previous Memorandum Opinion and Order (Doc. 15). Plaintiff did so in its Second Motion for Default Judgment, and again in the instant Motion. As of the date of this opinion, Defendants still have not cured the default, and, accordingly, Plaintiff seeks to foreclose on the Property.

II.     **Legal Standard – Motion for Default Judgment**

A party is entitled to entry of a default by the clerk of court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against the Mondragons, and U.S. Bank now requests that the court enter a final default judgment against them.

Defendants were served on December 22, 2018. Accordingly, Defendants were required to answer or otherwise respond on or before January 14, 2019.[2] Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have not responded to or otherwise defended against the Complaint. By failing to answer or otherwise respond to the Complaint, Defendants have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

---

[2] As the court noted in its previous opinions, Defendants were served on December 22, 2018, and, thus, their time to answer or otherwise respond was Saturday, January 12, 2019. Accordingly, Defendants' answer or response was due on the following Monday, January 14, 2019. Fed. R. Civ. P. 6(a)(1)(C).

**Memorandum Opinion and Order – Page 4**

### III.    Discussion

#### A.    Judicial Foreclosure

U.S. Bank seeks a judgment from the court to allow it to foreclose on the Property because of the Mondragon's default and failure to cure such default. Home equity loans in Texas must be foreclosed judicially. *See* TEX. CONST., art. XVI, § 50(a)(6)(D); Tex. R. Civ. P. 735.1. Accordingly, Plaintiff requests a judgment against Defendants authorizing it to enforce the power-of-sale provision in the Loan Agreement, pursuant to Texas Property Code Ann. § 51.002 and the Loan Agreement, or alternatively through judicial foreclosure. Texas Rule of Civil Procedure 736 sets forth the elements required for initiating a foreclosure proceeding. To initiate such a proceeding, Plaintiff must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [Defendants are] in default under the note and security instrument; and (4) [Defendants] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

As the court determined in its previous orders (Docs. 15, 17), based on the record, Plaintiff has presented sufficient evidence to establish the first three elements required to initiate a foreclosure proceeding. Specifically, Plaintiff has presented evidence to establish that (1) a debt secured by the Property exists; (2) this debt, for which Defendants are obligated to pay, is secured by the Property; and (3) Defendants are in default under the Loan Agreement. Plaintiff's pleadings do not, however, set forth sufficient facts or evidence as to the fourth element requiring it to establish that the Mondragons received notice of default and acceleration. In its Complaint, U.S. Bank states that "[n]otices of default and requests to cure were mailed to the Mondragons in accordance with the Loan Agreement and the Texas Property Code," Pl.'s Compl. ¶ 14, but it fails to include specific allegations or facts to support this assertion.

Section 51.002(e) of the Texas Property Code provides:

Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

With its Motion, Plaintiff includes the Declaration of Juliana Thurab ("Ms. Thurab"), a Contract Management Coordinator at PHH Mortgage Corporation, U.S. Bank's servicer. Pl.'s Mot., Ex. A. In pertinent part, Ms. Thurab's Declaration states that (1) this declaration is based on her "personal knowledge of the facts contained [t]herein;" (2) "[a] Notice of Default ("Notice of Default") was served on [Defendants] at their last known address by certified mail on or about July 5, 2017;" and (3) "[o]n November 3, 2017, Mackie Wolf Zientz, & Mann, P.C. . . ., attorneys for service at the time, Ocwen Loan Servicing, LLC, sent [Defendants] a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") via certified mail at their last known address."[3] *Id.* ¶¶ 2, 6-7 (emphasis in original). Pursuant to section 51.002(e) of the Texas Property Code, this declaration serves as prima facie evidence of service. Stated differently, Ms. Thurab's Declaration is sufficient evidence that Defendants received notice of default and acceleration, the fourth and final element required for initiating a foreclosure proceeding. Plaintiff, therefore, has adequately set forth the elements required for initiating a foreclosure proceeding on the Property under Texas Rule of Civil Procedure 736.

In the Motion, Plaintiff also addressed past deficiencies by properly alleging or setting forth sufficient facts demonstrating that it possesses the authority to foreclose on the Property. *See* Docs. 15, 17, 35. U.S. Bank contends that it "is the current holder and owner of the Note and beneficiary of the Security Instrument," and "[a]s the current mortgagee of record [] has the right

---

[3] Ms. Thurab also includes copies of the Notice of Default and Notice of Acceleration that were sent to the Mondragons as exhibits to her Declaration. *See* Pl.'s Mot., Ex. A-3; Ex. A-4.

to enforce the Note and Security Instrument." Pl.'s Original Compl. ¶¶ 13, 17. A "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 941 (5th Cir. 2018) (citing Tex. Bus. & Com. Code § 1.201(b)(21)(A)). "In other words, a person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Id.* (internal quotation marks and citations omitted). Under Texas law, a "mortgagee" is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). In her Declaration, Ms. Thurab states that "[t]he Note is currently endorsed in blank" and "Plaintiff has physical possession of the Note." Pl.'s Mot., Ex. A ¶ 4. This is sufficient evidence that U.S. Bank is the holder of the Note by possession thereof and, therefore, the mortgagee of record. As such, Plaintiff has adequately demonstrated that it has the authority and is entitled to foreclose on the Property.

Accordingly, Plaintiff may proceed with the judicial foreclosure of the Property located at 1403 Heather Run Drive, Duncanville, Texas, 75137, which is legally described as LOT 13, BLOCK C OF WILLOW RUN, PHASE 1, AN ADDITION TO THE CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN VOLUME 82009, PAGE 94, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS. The foreclosure **shall** proceed in accordance with the Note, Deed of Trust, and Texas Property Code applicable to judicial foreclosures. Plaintiff **shall** provide to Defendants by certified mail a copy of this Memorandum Opinion and Order, the corresponding judgment, and notice of the foreclosure sale. Any notices regarding the foreclosure of the Property to Defendants shall be mailed to them at 1403 Heather

Run Drive, Duncanville, Texas, 75137. Plaintiff may communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale.

### B. Attorney's Fees and Costs

The court will consider any request for attorney's fees postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.1. In making any request for attorney's fees, Plaintiff must set forth the bases (factually and legally) for its entitlement to such legal fees. This includes the authority on which Plaintiff relies as well as evidentiary bases for its entitlement to such fees. A response and reply may be filed in accordance with Local Civil Rule 7.1.

## IV. Conclusion

For the reasons explained, the court **grants** Plaintiff's Fourth Motion for Default Judgment Against Defendants Arturo A. Mondragon and Celia Mondragon (Doc. 35) to the extent herein stated; **grants** Plaintiff's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code applicable to judicial foreclosure. In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document. The court will consider the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 14th day of June, 2023.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge